UNITED STATES of America,
Plaintiff,

v.

HINDS COUNTY SCHOOL BOARD
et al., Defendants.

UNITED STATES of America,
Plaintiff,

v.

The KEMPER COUNTY SCHOOL
BOARD et al., Defendants.

Nos. 28030, 28042.

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1970.

David L. Norman, Asst. Atty. Gen., Dept of Justice, Washington, D. C., for the United States.

Helen McDade, DeKalb, Miss., for Kemper County School Board and others.

Melvyn Leventhal, Jackson, Miss., for N.A.A.C.P.

Before BELL, THORNBERRY, and MORGAN, Circuit Judges.

BY THE COURT:

The findings of fact and recommendations of Honorable Dan M. Russell, Jr., United States District Judge, dated September 4, 1970 and appended hereto, relative to the student assignment plan in the Kemper County School District are approved and made the order of this court except insofar as the findings and recommendations are directed to the charge of civil contempt.

Pending further consideration by this court and the receipt of the report due from defendants on October 15, 1970 pursuant to our order of March 30, 1970, we pretermit decision on the findings and recommendations of the district court that the charge of civil contempt against the defendants is moot and should be dismissed. The defendants are directed in the interim to strictly comply with all terms of our order of November 7, 1969 including those relating to faculty assignment and student transportation.

It is so ordered this 8th day of September, 1970.

APPENDIX

FINDINGS OF FACT AND RECOMMENDATIONS

The above styled and numbered school case, consolidated with other school cases, Nos. 28030 and 28042, on the docket of the Fifth Circuit Court of Appeals, is before this Court for the recommendation of a new student assignment plan pursuant to the procedures outlined in the Appellate Court's order of November 7, 1969. The original HEW student assignment plan for the Kemper County School District was first modified by the Appellate Court on January 2, 1970. Because these modifications, as implemented, resulted in an all black attendance at four of the district's five schools, with a drop in attendance of nearly 1100 students, both black and white, from a total attendance of 2853, the school board again sought relief from the Appellate Court, which, by its order dated February 10, 1970, referred the board's motion to this Court to make recommendations for the balance of the 1969–70 school year. A hearing was had on February 24, 1970, and over the objections of the government this Court on February 27, 1970, recommended the acceptance, for the most part, of the board's requested modifications. On March 18, 1970, the Appellate Court adopted in part and rejected in part these recommendations. The school board undertook to implement the assignment plan, as twice modified by the Appellate Court, the assignments and attendance as reflected by school enrollment reports, being as follows:

| School | Capacity | Grades | STUDENT ATTENDANCE W | N | T |
|---|---|---|---|---|---|
| DeKalb | 810 | 1–12 | 202 | 100 | 302 |
| Whisenton | 1530 | 1–9 | | | |
| | | 11–12 | 0 | 1106 | 1106 |
| Scooba | 330 | 1–8 | 64 | 62 | 126 |
| Spencer | 750 | 1–12 | 0 | 645 | 645 |
| Lynville | (closed) | | | | |
| TOTAL | | | | 266 | 1913 | 2179 |

Under this plan the tenth grade from Whisenton was assigned to DeKalb; from Whisenton one class each class period was transported to DeKalb, and from DeKalb one class each class period was transported to Whisenton. In the Scooba-Spencer school zone, 89 negroes from Spencer were assigned to Scooba; sixth grade math classes from Scooba and Spencer were taught at Spencer, and eighth grade English classes from Spencer and Scooba were taught at Scooba. Attendance figures shown above are those reflected in the school board's enrollment report.

On June 29, 1970, the Appellate Court directed this Court to conduct a full hearing on a motion and affidavits filed by the N.A.A.C.P. Legal Defense and Educational Fund, Inc., seeking an order adjudging the Kemper County school board in civil contempt of the aforesaid orders of November 7, 1969, January 2, 1970 and March 18, 1970 and on the board's answer and supporting affidavits. Prior to a hearing on the civil contempt charges, the government filed a motion alleging that the plan as implemented by the board had failed to desegregate the schools in that the school attendance report filed with the Appellate Court reflected that, except for the 10th grade at DeKalb and the 1st and 2nd grades at Scooba, all students in the school system remained in segregated schools. The government in its motion requested that the Court require the defendant school board to seek the assistance of the Office of Education, Department of Health, Education and Welfare, in the development of a new plan of student desegregation for the 1970–71 school year.

On July 26, 1970, this Court held a full hearing on the contempt charges, with all parties present. The thrust of the charges was that the classes interchanged between DeKalb and Whisenton and between Scooba and Spencer remained segregated throughout the shuttle transportation and instructional time, that bus transportation otherwise remained segregated and the faculty ratio was not maintained. The board admitted these charges and denied others. By way of mitigation, the board pointed out that, following the order of March 18, 1970, only seven weeks remained in the school term in which to carry out the student assignment plan, as twice modified, and that the board did the best it could. Testimony was offered to show that the courses of study in the classes exchanged between the two sets of schools were not correlated in the sense of all classes having covered the same material, and to have integrated the classes would have caused some students to suffer at the expense of others. The lack of a proper faculty ratio was attributed to teacher resignations. The board's position was that the plan was successful in that nearly 400 of the drop-out students, black and white, returned after its implementation.

At the conclusion of the hearing a conference was had in chambers with all parties present, and, in response to the government's aforesaid motion for a new plan, the school board was directed to seek assistance of a consultant staff of the Mississippi Educational Service Center, State College, Mississippi, in formulating a new student assignment plan. Mr. Tom J. Richey, with assistance of others from this center, after visiting all schools in the district and consulting with the school superintendent on August 3 and 7, 1970, formulated a plan filed herein on August 26, 1970. The school board refused to accept the plan proposed by the Mississippi Educational Service Center and filed its own plan. As the opening of this school system for the year 1970–71 has been delayed from its original opening date of August 24, 1970, this Court called for an emergency conference of all parties on September 3, 1970. This conference failed to produce an agreed upon plan. All parties being present, including the members of the school board and their counsel, and the board having waived formal notice and having consented to an immediate hear-

ing, the Court proceeded with a hearing on the two plans before it.

The plan offered by the school board calls for the same grade assignments to all schools as provided in the last Appellate Court plan, set out above, with the additional provision that all tenth, eleventh, and twelfth grade students enrolled in vocational agriculture would be assigned to the new vocational-technical center in integrated classes. It additionally provides that one class each class period be transported daily from DeKalb to Whisenton for instruction in specified courses to be taught by negro teachers in integrated classes, and that one class each class period be transported daily from Whisenton to DeKalb to be taught in integrated classes by white teachers. It additionally provided for a unified athletic program for grades 9 to 12 at the DeKalb and Whisenton schools. The Court, mindful of the repeated difficulties of this board in implementing any plan to successfully eliminate the effects of a dual school system with a racial ratio of 82% black and 18% white, as exists here, has carefully considered the board's proposal, and finds, as contended by the board, that, while more integration has occurred under the last currently implemented plan, nonetheless, two schools, Whisenton and Spencer, out of four, remained all black, and the provisions of the added proposals do not alter the fact that the students in this school system would still attend segregated schools under what is in effect a freedom of choice plan, partially desegregated under a course-exchange program, and with a faculty assignment that does not conform to the Singleton requirements. Such a plan is not acceptable under the decisions of the Fifth Circuit, and this Court cannot recommend it. See U.S.A. v. Board of Education of Webster County, Georgia, 431 F.2d 59 (5th Cir., July 7, 1970).

The plan prepared by the Mississippi Educational Service Center, offered by the Government, provides as follows:

| | | PROJECTED ENROLLMENT | | | |
|---|---|---|---|---|---|
| School | Capacity | Grades | W | N | T |
| Whisenton | 1530 | 1–5, 10–12 | 118 | 809 | 927 |
| DeKalb | 810 | 6–9 | 64 | 397 | 461 |
| Spencer | 750 | 1–5, 9–12 | 65 | 523 | 588 |
| Scooba | 330 | 6–8 | 19 | 184 | 203 |
| John C. Stennis Vo-Tech | 420 | 10–12 | (part-time students from all high schools) | | |

The board contends that the pairing of the schools in two zones as shown in the above plan with the high proportion of negro to white will again result in the loss of white students regained under the last implemented plan, and that, like the original HEW plan, it will not work, and that the schools will again become re-segregated with no white attendance.

In support of the Richey plan, the government offered the testimony of Mr. Richey, the consultant, who along with others from Mississippi Educational Services Center, prepared the plan. He stated that his staff followed the guidelines set forth in the Singleton requirements. They visited each school, and determined upon the pairing arrangement in two zones according to the suitability and capacities of the respective schools, and according to the last enrollment figures reported by the school board. An amended metes and bounds description of the line between the two zones has been made a part of the plan filed herein as an exhibit. This Court has no alternative but to recommend the approval of the Richey plan with two changes in grade assignments. The Richey plan would assign grades 1–5 and 9–12 in the Spencer-Scooba zone to Spencer and split off grades 6–8 to Scooba. Similarly in the DeKalb-Whisenton zone it would assign grades 1–5 and 10–12 to Whisenton and split off grades 6–9 to DeKalb. The Court finds no compelling reasons for this unusual arrangement of grades which, in effect, creates a middle school. Having examined the building information supplied as part of the plan, the Court on its own initiative recommends that the Richey plan be amended to assign students in the DeKalb-

Whisenton zone in grades 1–5 to DeKalb and in grades 6–12 to Whisenton, and in the Scooba-Spencer zone, students in grades 1–4 to Scooba, and grades 5–12 to Spencer. The building space is adequate for these assignments, and a continuity of grades is preserved without affecting the racial composition.

As to the contempt hearing, this Court finds that the admitted failures of the school board to comply in all particulars with the previously approved plan were not wilful, and, in view of the impending approval of a new student assignment plan, the charges have become moot and should be dismissed.

The Court so recommends and directs the Clerk of this Court to file the original of this Findings of Fact and Recommendations with the Clerk of the Appellate Court, along with the original Richey plan together with the amended description of the zone boundary, file a duplicate copy of the Findings of Fact and Recommendations in his office, and mail a copy to all parties of record, attaching thereto the amended zone line.

(Signed) DAN M. RUSSELL JR.
United States
District Judge

Dated: Sept. 4, 1970

## ADDENDUM

### ALTERATION OF PAGE 4 IN A REPORT TO THE COURT

### KEMPER COUNTY SCHOOL DISTRICT

In order to bring about a unitary school system in which schools are not identifiable by race, the following recommendations are submitted in compliance with the court orders:

School capacities and enrollment figures supplied by the superintendent and his staff.

We recommend:

That Kemper County be divided into two school attendance zones. The dividing line should begin at the North boundary line of Kemper County, between Range 16 East, and Range 17 East, and run South on a straight line to the intersection of corners of section 1 and 12, Range 16 East, township 11 North, and section 6 and 7, Range 17 East, township 11 North; thence Eastward on a straight line to intersection of corners of sections 4, 3, 9 and 10 of Range 17 East, township 11 North; thence Southward on a straight line to the Northeast corner of section 16 in township 9, North range 17 East and running in a Southwesterly direction to the Southwest corner of section 29, township 9 North, Range 17 East and running thence West to the Northeast corner of section 36 township 9 North, Range 17 East and thence South to the Kemper County line.

Zone 1 will encompass the following school attendance centers:

Spencer which will house grades 1 through 5, and 9 through 12.

Scooba which will house grades 6 through 8.

Zone II will encompass the following school attendance centers:

Whisenton which will house grades 1 through 5, and 10 through 12.

DeKalb which will house grades 6 through 9.